CLD-159                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1682
_____

IN RE: NINA SHAHIN, Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to Civ. Nos. 1-17-cv-00413 & 1-17-cv-01223)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 11, 2019
Before:  CHAGARES, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 2, 2019)
_____

OPINION[*]
_____

PER CURIAM

Pro se petitioner Nina Shahin has filed a petition for a writ of mandamus, seeking

relief under the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771.  For the reasons

set forth below, we will deny the petition.

Shahin's petition is "closely related to two civil cases."  Pet. at 5.  In the first case,

she alleged that Sam's Club and Synchrony Bank engaged in "intentional and illegal

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

harassment . . in response to [her] dissatisfaction with her failure to purchase a desired and advertised item." D. Del. Civ. A. No. 17-cv-1223, ECF No. 7 at 24. In the second case, Shahin alleged that a police officer had filed a fabricated accident report against her, which caused her insurance company to deny her claim for reimbursement. D. Del. Civ. A. No. 17-cv-0413, ECF No. 13-2 at 2. She originally filed both actions in the Delaware Court of Common Pleas, and then sought to remove the actions to the United States District Court for the District of Delaware. In separate orders, the District Court remanded the matters to the Court of Common Pleas, explaining, among other things, that there was no federal jurisdiction, that removal was untimely, and that there was nothing to remove because both actions had been fully adjudicated in the Court of Common Pleas." Civ. A. No. 17-cv-1223, ECF No. 10 at 5; Civ. A. No. 17-cv-0413, ECF No. 20 at 5.

Now, Shahin has filed a petition for a writ of mandamus. She argues that she is entitled to relief under the CVRA. More specifically, she contends that there has been "a pattern of judicial harassment, intimidation, deprivation of constitutional rights to a fair trial and 'due process' and 'equal protection' in the Delaware judicial system (state and federal)," which has resulted in her being "victimized the second time in the judicial process." Pet. at 5.

Shahin has not been denied any right under the CVRA that could form the basis for mandamus relief in this Court. The CVRA guarantees to the victims of federal crimes a variety of rights, including the right to notice of a court proceeding involving the crime, the right to be present at any such public court proceeding, the right to be reasonably

2

heard at such a proceeding, and the right to receive "full and timely restitution as provided in law." 18 U.S.C. § 3771(a). A crime victim can assert these rights in the District Court and, if the District Court denies relief, can file a petition for a writ of mandamus in a Court of Appeals. § 3771(d)(3).

However, in this case, Shahin is seeking only to advance her civil actions. "The rights codified by the CVRA . . . are limited to the criminal justice process; the Act is therefore silent and unconcerned with victims' rights to file civil claims against their assailants." United States v. Moussaoui, 483 F.3d 220, 234–35 (4th Cir. 2007); see also In re Siler, 571 F.3d 604, 610 (6th Cir. 2009). As the CVRA provides, "[n]othing in this chapter shall be construed to authorize a cause of action for damages or to create, to enlarge, or to imply any duty or obligation to any victim or other person for the breach of which the United States or any of its officers or employees could be held liable in damages." § 3771(d)(6). Accordingly, Shahin has failed to demonstrate a right to relief under the CVRA.[1]

We will therefore deny the mandamus petition.

---

[1] Shahin does not challenge the District Court's remand orders, and we therefore do not consider whether we would have jurisdiction over such a challenge. See generally In re Fed.-Mogul Glob., Inc., 300 F.3d 368, 388 (3d Cir. 2002).